IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| John F. Floyd, Gordon Farms Inc., | ) Case No. 7:20-cv-01305-JDA |
| Plaintiffs/Counter-Defendants, | ) |
| v. | ) **ORDER AND OPINION** |
| City of Spartanburg South Carolina, | ) |
| Defendant/Counter-Claimant. | ) |

This matter is before the Court on a motion by Plaintiffs/Counter-Defendants ("Plaintiffs") for an award of prejudgment interest. [Doc. 161.]

Plaintiffs filed this action on April 6, 2020, asserting various claims arising out of agreements the parties made relating to the costs of redeveloping a shopping center. [Doc. 1.] On June 5, 2020, Defendant/Courter-Claimant ("the City") filed an Answer and Counterclaim and subsequently filed an Amended Answer and Counterclaim. [Docs. 6; 22.] Plaintiffs filed an Answer to the Amended Counterclaims on August 25, 2020. [Doc. 23.]

The case proceeded to a bench trial in September 2023. By the end of the trial, the only claim or counterclaim remaining was Plaintiffs' claim against the City for breach of contract, for which Plaintiffs sought money damages and attorneys' fees. [Doc. 1 ¶¶ 60–67; *id.* at 25; *see* Doc. 158 at 1–2.] Following the conclusion of the trial, the Court found that judgment should be entered in favor of Plaintiffs and against the City on Plaintiffs' breach of contract claim and awarded Gordon Farms $801,508.51 in actual damages. [Doc. 158 at 39.] Judgment was entered on September 30, 2023. [Doc. 159.]

Plaintiffs filed their motion for prejudgment interest on October 6, 2023. [Doc. 161.] The City filed its response objecting to Plaintiffs' motion for prejudgment interest on October 11, 2023, and Plaintiffs filed a reply the following day. [Docs. 164; 167.] The motion is now ripe for review.

## DISCUSSION

**Applicable Law**

"State law governs an award of prejudgment interest in a diversity action." *Liberty Mut. Ins. Co. v. Emp. Res. Mgmt., Inc.*, 176 F. Supp. 2d 510, 540 (D.S.C. 2001). "The law allows prejudgment interest on obligations to pay money from the time when, either by agreement of the parties or operation of law, payment is demandable, if the sum due is certain or capable of being reduced to certainty." *APAC Carolina, Inc. v. Town of Allendale, S.C.*, 41 F.3d 157, 165 (4th Cir. 1994) (internal quotation marks and emphasis omitted). Specifically, S.C. Code Ann. § 34-31-20(A) provides that "[i]n all cases of accounts stated and in all cases wherein any sum or sums of money shall be ascertained and, being due, *shall* draw interest according to law, the legal interest *shall* be at the rate of eight and three-fourths percent per annum." (Emphasis added.) Given the legislature's use of the word "shall" in two places in the statute, this Court has held that awarding prejudgment interest at the rate the statute prescribes is mandatory "on ascertainable amounts of money that are due and owing." *Liberty Mut. Ins. Co.*, 176 F. Supp. 2d at 540. "Prejudgment interest serves to compensate for the loss of use of money due as damages from the time the claim accrues until judgment is entered, thereby achieving full

compensation for the injury those damages are intended to address." *West Virginia v. United States*, 479 U.S. 305, 310 n.2 (1987).

**The Parties' Positions**

The damages in this case were comprised of the following amounts owed by the City to Gordon Farms under the terms of a contract they had entered into: $192,211.71 for tax year 2017; $210,519.86 for tax year 2018; $197,250.00 for tax year 2019; $197,250.15 for tax year 2020; and $4,276.79 for tax year 2021. [Doc. 158 at 38–39.] Given that the latest that either Plaintiff ever received a payment from the City under the contract was May 11 of the year following the subject tax year, Plaintiffs used June 1 as the date that the rebate payment was demandable for purposes of its prejudgment interest calculation. [Docs. 161 at 4; 161-1.] At a rate of 8.75 percent interest annually, utilizing that date yields entitlement to prejudgment interest in the following amounts: $89,698.80 for tax year 2017; $79,822.11 for tax year 2018; $57,531.25 for tax year 2019; $40,271.91 for tax year 2020; and $498.96 for tax year 2021. [*Id.* at 4–5.] Thus, the total prejudgment interest Plaintiffs seek is $267,823.03. [*Id.* at 5–6.]

In its response to Plaintiffs' motion, the City does not contest Plaintiffs' entitlement to an award of prejudgment interest or Plaintiffs' calculation of the appropriate amount, except to argue that the City should not be required to pay prejudgment interest attributable to delays that occurred in the litigation of the case that were outside of the City's control. [Doc. 164.] The City particularly maintains that progression of discovery in this case was hindered by the coronavirus pandemic and that the trial was delayed 14 months when Mr. Floyd experienced a health event. [*Id.* at 2–3.]

On reply, Plaintiffs argue that there is no legal basis for reducing a prejudgment interest award to account for delays that occurred during a case that were outside the judgment debtor's control. [Doc. 167.] Plaintiffs also downplay the extent to which the pandemic delayed discovery in this case. [*Id.* at 1–2 n.1.]

**The Court's Analysis**

The Court agrees with Plaintiffs that there is no legal basis for reducing a prejudgment interest award to account for delays that occurred during the litigation that were not the fault of the party liable under the judgment. Regardless of whether delays occurred during the litigation that were not the City's fault, Gordon Farms was deprived of its money—and the City had the benefit of the money it was contractually obligated to pay—for the entire period, and the City had the option of paying the money due under the contract at any time.

The City cites *Windham v. Honeycutt*, 348 S.E.2d 185 (S.C. Ct. App. 1986), and *Browning v. Browning*, 621 S.E.2d 389 (S.C. Ct. App. 2005), in support of its argument that the prejudgment interest award should be reduced to account for delays during the litigation for which the City was not responsible. [Doc. 164 at 1.] However, neither *Windham* nor *Browning* involved a statute that mandated a particular method of determining an award. In *Windham*, a party sought an order for specific performance of a land sales contract, and the South Carolina Court of Appeals concluded that the proper measure of damages incidental to the order of specific performance involved awarding the purchaser the fair rental value of the property and awarding the seller the interim interest on the unpaid purchase price. 348 S.E.2d at 186. The court held that the seller would be

4

entitled to interest even for the period attributable to delay that the seller caused but that the amount of interest would be capped at the amount of the fair rental value so as not to allow the seller to profit from her wrongdoing. *Id.* *Browning* concerned a family court dispute in which the husband was ordered to pay the wife, within a prescribed 30-day period, her one-half share of equity in the former marital home. 621 S.E.2d at 391–93. Because the husband delayed payment to the wife, the family court found the husband in contempt and awarded her interest to account for the delay in payment. *Id.* at 392. On appeal, the South Carolina Court of Appeals reduced the amount of interest to account for the fact that much of the delay in payment had been due to factors outside the husband's control, including a period of unjustifiable delay by the wife in signing a quit-claim deed. *Id.* at 393.

The issue before the Court in this case is much narrower than those that were before the courts in *Windham* and *Browning*. The Court here is not charged with determining what method would most fairly compensate Plaintiffs or appropriately punish the City for its breach. Rather, it merely applies a mandatory statute that precisely sets out how to calculate prejudgment interest.

## **CONCLUSION**

Consequently, for the reasons stated above, the Court GRANTS Plaintiffs' motion for prejudgment interest and ORDERS the City to pay prejudgment interest to Gordon Farms in the amount of $267,823.03. The Clerk will amend the judgment to enter the appropriate prejudgment interest as stated herein.

IT IS SO ORDERED.

                                      s/Jacquelyn D. Austin
                                      United States Magistrate Judge

October 16, 2023
Greenville, South Carolina